WO                                                                                                              SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly A. Knight,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV 21-01865-PHX-JAT (JFM)<br><br>**ORDER** |

  Petitioner Kimberly A. Knight, who is confined in the Arizona State Prison Complex-Perryville, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will require an answer to the Petition.

**I. Background**

  Petitioner was convicted by a jury in Yuma County Superior Court, case #CR 2012-00058, of child abuse and aggravated assault (domestic violence) and was sentenced to a 17-year term of imprisonment. Petitioner's conviction and sentence were affirmed on direct appeal. *State v. Knight*, No. 1 CA-CR 13-0297, 2014 WL 1713808, at *1 (Ariz. Ct. App. Apr. 29, 2014). The trial court denied Petitioner's subsequent Rule 32 petition for post-conviction relief, and the Arizona Court of Appeals granted review, but denied relief. *State v. Knight*, No. 2 CA-CR 2020-0062-PR, 2020 WL 3408500, at *1 (Ariz. Ct. App. Dec. 15, 2020). The Arizona Supreme Court denied review of the appellate court's denial of relief. (Doc. 1 at 44.)

TERMPSREF

**II.     Petition**

In her Petition, Petitioner names David Shinn as Respondent and the Arizona Attorney General as an additional Respondent. Petitioner raises eight grounds for relief.

In Grounds One through Seven, Petitioner alleges trial counsel rendered ineffective assistance of counsel at trial in various ways. In Ground Eight, Petitioner alleges that she is actually innocent of her convictions.

The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**II.     Warnings**

   **A.     Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.     Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

   **C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of

Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses.  Within 2 business days, the Attorney General's Office will acknowledge receipt of the Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(2)   Respondents must answer the Petition within **40 days** of the date of service. Respondents must not file a dispositive motion in place of an answer.  Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3)   Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(4)   Petitioner may file a reply within **30 days** from the date of service of the

TERMPSREF

answer.

(5) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 12th day of January, 2022.

_____
James A. Teilborg
Senior United States District Judge

TERMPSREF