# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Kimberly A. Knight,
Petitioner
-vs-
David Shinn, et al.,
Respondents.

CV-21-1865-PHX-JAT (JFM)

**Report & Recommendation
on Petition for Writ of Habeas Corpus**

## I. MATTER UNDER CONSIDERATION

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

The following summary of the facts is drawn from the decision of the Arizona Court of Appeals in disposing of Petitioner's direct appeal, which purported to present the facts in the light most favorable to sustaining the judgment. (Exh. M, Mem. Dec. 4/29/13 at ¶ 13.) (Exhibits to the Answer (Doc. 15) are referenced herein as "Exh. ___.")

> ¶ 3  In the afternoon of December 25, 2011, Defendant's husband called 911 and reported that his and Defendant's six-month-old son J.S. ("Son") had stopped breathing. Paramedics arrived at Defendant's home and transported Son to Yuma Regional Medical Center where emergency room staff stabilized his condition. Son was thereafter airlifted to Phoenix Children's Hospital ("PCH") to receive specialized treatment for acute head injuries. A police investigation into the causes of Son's injuries led the state to indict Defendant on

> one count of child abuse and one count of aggravated assault, both charged as class 2 felonies involving domestic violence against an infant child in her care.

(*Id.* at ¶ 3.)

## B. PROCEEDINGS AT TRIAL

"After a jury trial, Knight was convicted of child abuse and aggravated assault. Her convictions stemmed from a subdural hematoma suffered by her six-month-old son that doctors opined resulted from nonaccidental trauma. The trial court sentenced her to concurrent prison terms of seventeen years for each count." [1] (Exh. CC, Mem. Dec. 6/19/20 at ¶ 2.)

## C. PROCEEDINGS ON DIRECT APPEAL

Petitioner filed a direct appeal. Appointed counsel was unable to find a non-frivolous issue for review and filed an Opening Brief (Exh. L) pursuant to *Anders v. California*, 386, U.S. 738 (1967) and related state authorities. Counsel noted that Petitioner asked to present claims of actual innocence ("she did nothing to injure her child") and ineffective assistance of trial counsel. Petitioner was granted leave to file a "Supplemental Brief," but failed to do so. (Exh. M, Mem. Dec. 4/29/13 at ¶ 1.)

In a Memorandum Decision issued April 29, 2013 (Exh. M) the Arizona Court of Appeals found the claims of actual innocence and ineffective assistance inappropriately raised on direct appeal, reviewed the record for "fundamental error" and found none, and affirmed Petitioner's convictions and sentences.

Petitioner did not file a motion for reconsideration or petition for review by the Arizona Supreme Court, and on June 16, 2014, the Arizona Court of Appeals issued its Mandate (Exh. N).

---

[1] Petitioner's 17-year sentence ran from April 19, 2013, with credit for 449 days served. (Exh. J, Sentence.) Ignoring any possibility for parole, Petitioner has an anticipated date of release from prison in January, 2029.

- 2 -

### D. PROCEEDINGS ON POST-CONVICTION RELIEF

On May 30, 2014, Petitioner commenced her post-conviction relief (PCR) proceeding by filing a PCR Notice (Exh. O). Counsel filed a PCR Petition (Exh. P) arguing trial counsel was ineffective for: (1) failing to present testimony from a medical expert; (2) failing to prepare for cross-examination; (3) failing to object to MRI evidence; (4) opening the door to evidence of Petitioner's history with drugs and Child Protective Services; (5) failing to object to hearsay audio recordings; (6) failing to object to expert testimony; (7) and the cumulative errors. The PCR court conducted an evidentiary hearing at which Petitioner presented testimony of: (a) a medical expert on shaken baby syndrome/abusive head trauma opining that the medical evidence was insufficient for the medical witnesses at trial to conclude the victim's injuries were from abuse; and (b) expert counsel opining on trial counsel's deficiencies. (Exh. S, M.E. 2/21/19; Exh. T, RT 2/21/19; Exh. U, RT 2/21/19.) The PCR court accepted written closing arguments (Exhs. V, W, X). The PCR court found no prejudice and denied the claims. (Exh. Y, Order 7/26/19.)

Petitioner sought review by the Arizona Court of Appeals arguing six of the same seven claims of ineffective assistance of counsel[2] and adding a claim of actual innocence under Arizona Rule of Criminal Procedure 32.1(h). The Arizona Court of Appeals granted review, but denied relief on some of the ineffective assistance claims on procedural grounds for failure to develop the arguments, and all of them for failure to show prejudice. The claim of actual innocence was denied for failure to "develop that argument in any meaningful way." (Exh. CC, Mem. Dec. 6/19/20.)

Petitioner sought review by the Arizona Supreme Court (Exh. DD), which

---

[2] Petitioner reordered her claims of ineffective assistance in her Petition for Review. The numerically denominated PCR petition claims and the alphabetically denominated Petition for Review claims correlate as follows: 1,A (medical expert); 2, C (preparation for cross examination; 3, D (objection to MRI); 4, E (drugs/CPS); 5, F (hearsay recording); 6, B (*Daubert* SBS/AHT); 7, G (cumulative prejudice).

summarily denied review on December 16, 2020 (Exh. EE).[3]

### E. PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner, presently incarcerated in the Arizona State Prison Complex at Goodyear, Arizona, commenced the current case by filing her Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 4, 2021 (Doc. 1). Petitioner's Petition asserts the following eight grounds for relief:

1. Ineffective assistance of trial counsel for failing to present testimony from a medical expert;

2. Ineffective assistance of trial counsel for failing to object to evidence on Abusive Head Trauma;

3. Ineffective assistance of trial counsel for failing to prepare for and across exam the State's experts;

4. Ineffective assistance of trial counsel for failing to object to misleading MRI evidence;

5. Ineffective assistance of trial counsel for opening the door to evidence on drug and CPS history;

6. Ineffective assistance of trial counsel for failing to object to hearsay evidence in an audio recording;

7. The cumulative effect of trial counsel's deficiencies prejudiced petitioner.[4]

---

[3] This habeas court "looks through" the Arizona Supreme Court's summary denial of review to the reasoned decision of the Arizona Court of Appeals. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

[4] Arguably, Ground 7 is not a separate basis for relief, but merely a summary argument on prejudice. The Ninth Circuit has long held that a finding of *Strickland* prejudice "may either be 'cumulative' or focus on one discrete blunder in itself prejudicial." *Ewing v. Williams*, 596 F.2d 391, 395–96 (9th Cir. 1979). *But see* Brian R. Means, *Cumulative Error*, Federal Habeas Manual § 13:4 (May 2019 Update) (citations omitted) (observing circuit split and lack of Supreme Court authority on accumulating prejudice from deficient performance).

     8.  Actual innocence of her conviction.

  **<u>Answer</u>** - On April 21, 2022 Respondents filed their Limited Response ("Answer") (Doc. 15). Respondents argue Petitioner has procedurally defaulted her state remedies on her claims of ineffective assistance in Grounds 1 through 7, and that the claim in Ground 8 is not cognizable and/or Petitioner fails to show the requisite evidence of innocence.

  **<u>Reply</u>** - Because Respondents have relied upon a failure to properly exhaust state remedies, the Court set a date certain of May 31, 2022 for a reply and directed:

> any assertions in the reply that Petitioner's claims were fairly presented to the state appellate courts shall be supported by specific references to the location of the presentation of the claim, i.e. by exhibit number/letter in the record of this proceeding, document name, date of filing with the state court, page(s)/ line number(s) (e.g. "Exh. A, Petition for Review, filed 1/1/15, at 1/17 – 2/23").

(Order 4/27/22, Doc. 16.)

  On May 19, 2022, Petitioner filed a short Reply (Doc. 18) and Motion for Extension of Time to Reply (Doc. 17) arguing the time required to complete research. The Court liberally construed the latter as a motion to amend the Reply. The Court granted leave to amend the Reply, and set a deadline of June 20, 2022 for filing the amended reply. No amended reply has been filed.

  The Reply (Doc 18) argues that Petitioner properly raised her issues in the appellate court in her PCR proceeding, and that the U.S. Supreme Court has granted certiorari to resolve whether Arizona Rule of Criminal Procedure 32.1(g) is an independent and adequate state ground to bar habeas relief (citing *Cruz v. Arizona*, 596 U.S. at \_\_\_, #21-826 (3/28/22)).

### III. APPLICATION OF LAW TO FACTS

**A. <u>PROCEDURAL BAR</u>**

  In Grounds One through Seven of her Petition, Petitioner raises a series of claims of ineffective assistance of counsel, each of which was raised to the PCR court in the PCR petition (Exh. P) and the Arizona Court of Appeals in the PCR Petition for Review (Exh.

DD). Respondents argue the appellate court applied a state procedural bar when it "stated that Knight's summary of the 'purported deficiencies in counsel's conduct' and '[h]er brief discussion,' thereof, '[wa]s largely inadequate for [the] court to review her claims.'" (Answer, Doc. 15 at 16.)[5] Petitioner simply argues her "claims were all preserved."

**1. Procedural Bar**

"[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin,* 562 U.S. 307, 316 (2011).

Arizona has a well-established rule that claims not sufficiently argued on petition for review are deemed waived. *See State v. Stefanovich*, 232 Ariz. 154, 158, 302 P.3d 679, 683 (Ct. App. 2013); Ariz. R. Crim. Proc. 32.9(c)(1)(iv); *Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012) ("Arizona law requires that a petitioner present the issues and material facts supporting a claim in a petition for review and prohibits raising an issue through incorporation of any document by reference, except for appendices. Ariz. R.Crim. P. 32.9(c)(1)(iv).").

"Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to

---

[5] Respondents utilize the nomenclatures adopted in *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010), where a panel of the Ninth Circuit denominated an expected future application of a procedural bar as an "implied procedural bar," and an actually applied procedural bar as "explicit." Because habeas courts are sometimes called upon to imply an explicit procedural bar from a summary state court decision, *see Hunter v. Aispuro*, 982 F.2d 344 (9th Cir. 1992) and *Wilson v. Sellers*, 138 S.Ct. 1188 (2018), and because a procedural default involves a forecast of a state court's future decision, rather an implication about a past decision, the undersigned maintains the separate nomenclature of procedural default and procedural bar. The principles, however, are the same.

authority demonstrating inconsistent application of the rule." *Bennett v. Mueller*, 322 F.3d 573, 584-585 (9th Cir.2003). Petitioner proffers nothing to show that this rule is not independent and adequate to bar habeas review. *See Foose v. Attorney Gen. of Arizona*, 2015 WL 3396834, at *8 (D. Ariz. May 26, 2015) and cases cited therein (finding 32.9(c) independent and adequate). At best, Petitioner notes that the U.S. Supreme Court has granted certiorari to determine whether Arizona Rule of Criminal Procedure 32.1(g) (allowing PCR petition on basis of a "significant change in the law") is an adequate and independent state-law ground for the judgment. *See Cruz v. Arizona*, 142 S. Ct. 1412 (2022). But the Arizona Court of Appeals did not rely upon Rule 32.1(g) to dismiss Petitioner's claims.

Here, however, the state appellate court was less than clear which ineffectiveness claims were being rejected on the basis that the showing of deficient performance was so inadequately argued that the claim was deemed waived. The court summarized the brief as only "largely inadequate," and referenced only generically the failure to support arguments on unraised objections. "Her brief discussion is largely inadequate for this court to review her claims -for example, she cites no authority suggesting that the various objections counsel purportedly should have raised would have been sustained." (Exh. CC, Mem. Dec. 6/19/20 at ¶ 6.) Moreover, the state court then hedged even further by noting the PCR court's failure to reach the issue of deficient performance: "But, even had Knight fully presented on review her arguments about counsel's conduct, the trial court did not decide whether counsel had fallen below prevailing professional standards." (*Id.*)

Thus, it is not clear that this procedural bar was applied to Petitioner's arguments of deficient performance on all her ineffective assistance claims. At best, Grounds 2 (objection to SBS/AHT evidence), 4 (objection to MRI evidence) and 6 (objection to hearsay) of the Petition rely on counsel's failure to raise objections. This would, at a minimum, leave Grounds 1 (failure to call medical expert), 3 (failure to prepare cross-examination), and 5 (inviting drugs/CPS evidence) outside this ruling. (Ground 7 does not address deficient performance, only prejudice.)

Nonetheless, the state court went on to apply the same rule to Petitioner's prejudice arguments:

> Knight does not address in her petition for review the court's conclusion that, even had counsel acted differently, it would not have changed the outcome of her trial. *See id.* Irrespective of counsel's conduct, her claim fails absent a showing of prejudice. See *Roseberry*, 237 Ariz. 507, ¶ 10.

(Exh. CC, Mem. Dec. 6/19/20 at ¶ 6.) This ruling would encompass not only the various claims of deficient performance (in Grounds 1 through 6) but also the claim of cumulative prejudice in Ground 7.

Petitioner's reply that her claims were "preserved" fails to show how she adequately argued her claims in her Petition for Review (Exh. Z).

There are instances where a federal court may ignore a state court's use of a procedural bar if it was erroneously applied by the state court.

> While it is unusual to reject a state court's use of a procedural bar on the ground that it was erroneously applied, "[t]he procedural default doctrine self-evidently is limited to cases in which a 'default' actually occurred i.e., cases in which the prisoner actually violated the applicable state procedural rule." 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 26.2[c] (6th ed. 2011). Here, the state court applied the state's procedural rule to Sivak's case in an erroneous and arbitrary manner. Thus, we follow the Supreme Court and our sister circuits in holding that an erroneously applied procedural rule does not bar federal habeas review.

*Sivak v. Hardison*, 658 F.3d 898, 907 (9th Cir. 2011).

The undersigned observes that it appears that Petitioner's Petition for Review contained at least some argument on the prejudice from at least the alleged deficiencies of counsel with regard to Ground 1 (failure to call medical expert), including arguing that prejudice must necessarily be found because of the validity of her claims under Ariz. R. Crim. Proc. 32.1(h) that no reasonable juror could have found her guilty had expert testimony been admitted to rebut the prosecution's experts. (*See* Exh. Z at 9-10 (discussing prejudice standard), 12 (reasonable probability burden on prejudice), 14-15 (prejudice from lack of expert testimony). At the same time, however, the Petition for Review engaged in no substantial analysis of the prejudice from the other claims of

deficient performance, and made no argument showing how the PCR court's conclusion was an abuse of that court's discretion. (*See* Exh. CC, Mem. Dec. 6/19/20 at ¶ 1 (identifying abuse of discretion standard).) That failure was particularly damaging given Petitioner's reliance on the assertion that it was from the cumulative errors of trial counsel that created the requisite prejudice.

Under these circumstances, the undersigned cannot conclude that the state court's application of its waiver-by-inadequate-argument rule was erroneous, let alone arbitrary.

Based upon the foregoing, the undersigned concludes that Petitioner was procedurally barred on independent and adequate state grounds from asserting her claims of ineffective assistance of trial counsel

### 2. Cause and Prejudice

If a claim has been procedurally barred on independent and adequate state grounds, a petitioner may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). "Cause" is the legitimate excuse for the default. *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). Petitioner proffers no cause to excuse the procedural bars, either in her Petition or her Reply. The undersigned finds none.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for her procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

### 3. Actual Innocence

Failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002). To pass through the *Schlup* gateway, not just any evidence of innocence will do; the petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Petitioner argues in Ground 8 that she is actually innocent, relying on: (1) her assertions of innocence; (2) assertions that the medical testimony at trial was inadmissible "junk science"; and (3) her medical expert would testify that the victim's injuries were consistent with the accident long described by Petitioner.[6] (Petition, Doc. 1 at 23-25.) This is not sufficient to pass through the *Schulp* gateway.

Petitioner proffers nothing to show that **Petitioner's own testimony** about the accidental cause of the injuries was either new evidence (*i.e.* not presented to the jury), or reliable evidence.

The **admissibility of the prosecution's medical expert testimony** at trial is irrelevant. In making a finding on actual innocence, the federal habeas court must consider *all* the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial. *House v. Bell,* 547 U.S. 518, 538 (2006). At most, this habeas court would consider the credibility of such evidence in light of all other evidence.

---

[6] In *Dretke v. Haley*, 541 U.S. 386, 393-394 (2004), the Court held that "a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Here, however, Petitioner's claim of substantive actual innocence is the only claim Respondents have not shown to be procedurally defaulted. Accordingly, the undersigned proceeds to address the related claim of procedural actual innocence.

The PCR court testimony of **Petitioner's proffered expert** constitutes new, and presumably reliable evidence. But it is insufficient to establish the requisite probability that no reasonable juror could convict. Petitioner's expert recognized that her contention that the evidence was insufficient to establish abuse is not the only interpretation of the evidence, and that other medical experts disagree on whether the medical evidence supports a conclusion of shaken baby syndrome/abusive head trauma.

> [DR. JANICE OPHOVEN:] There was now a split. For the next 20 years -- just about 20 years there have been two sides to this controversy.
> The child abuse field continues to teach and testify that shaking in the absence of physical injuries to the baby, like evidence of child abuse, just the presence of subdural blood, brain swelling and retinal hemorrhage is sufficient to make a diagnosis of abuse to reasonable medical certainty.
> There is another large cohort of individuals that now doubt the veracity of being able to say with absolute certainty that abuse has occurred from just finding the injuries in the brain like we did in this little guy.
> This controversy has become quite significant. It's worldwide. There's a war of literature. The child abuse people believe that the folks that are rebutting that theory are wrong and should actually be silenced, and those of us who have evolved from believing the original theories reserve the right to make a diagnosis of abuse when we see sufficient evidence to do so.

(Exh. T, R.T. 2/21/19 at 21.)

> Q. But you testified earlier that half of the community still believes that the acceleration-deceleration, abusive head trauma can cause these injuries, but you are in the half that disagrees with that?
> A. Well - -
> Q. I'm not saying that -- I mean, you're saying that it's you're saying that there is a disagreement among two -- two groups?
> A. I agree with you, but I don't think we ought to be working it out in these kinds of environments where someone's life is at stake.

(*Id.* at 44.)

Perhaps more importantly, Petitioner's expert could not rule out abuse as the cause, and only declined to opine that it was the cause.

> Q. (BY MS. HARRISS) So throughout your affidavit you say you're not saying that this is what caused the injury; you're saying that this could be a cause of the injury; you're not saying that this is the only explanation?
> A. No. I'm saying there is no scientific way that anyone can answer the question of what happened to Judah to reasonable medical certainty, and I disagree with the State's witnesses at the prior

proceedings believing they had adequate information to say the only explanation was abuse.

(*Id.* at 47.) Thus, even if this Court were to adopt wholesale Petitioner's expert opinions, Petitioner has at best shown that the prosecution's evidence at trial was insufficient. She has not, however, offered affirmative evidence of Petitioner's actual innocence.

That is not to suggest that the expert's opinion might not have been sufficient to show prejudice from counsel's purported ineffectiveness. But the *Schlup* gateway is not a prejudice standard. A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show a probability that with all the evidence no reasonable juror would have found the defendant guilty. *Schlup*, 513 U.S. at 329. A finding of procedural "actual innocence" is not to be based upon a finding that insufficient evidence to support the charge was presented at trial, but rather upon affirmative evidence of innocence. *See U.S. v. Ratigan*, 351 F.3d 957 (9th Cir. 2003) (lack of proof of FDIC insurance in a bank robbery case, without evidence that insurance did not exist, was not sufficient to establish actual innocence). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner posits no reason that a reasonable juror could not reject Dr. Ophoven's opinions in favor of the opinions of the prosecution's medical experts.

Moreover, the battle among experts was not the only relevant evidence available to the jury. For example, Petitioner had offered differing accounts of the source and course of the victim's symptoms ("observed him acting strange in the dresser mirror, and then as she turned back around he screamed and stopped breathing… repeatedly denied that she had dropped Son or that he had otherwise fallen;" "placed him on a towel on the bathroom floor where he had rolled over and hit his head on the tile" (Exh. M, Mem. Dec. 4/29/13 at ¶ 6)) and then asserted at trial that the injury was from the victim having "fallen off the bed a second time on December 25, 2011" (*id.* at ¶ 7). Coupled with the initial symptoms (*e.g.* stopping breathing) initiating treatment of the victim, there was evidence of internal head trauma, but no evidence of external injury. (*Id.* at ¶¶ 3, 4, 5.)

Based on the foregoing, the undersigned concludes that, even considering Dr. Ophoven's testimony, Petitioner fails to meet her burden of showing of a probability that no reasonable juror would have found her guilty. Accordingly her procedurally barred claims must be dismissed with prejudice.

**B. ACTUAL INNOCENCE**

In Ground 8, Petitioner asserts her actual innocence, arguing the testimony on shaken baby syndrome/abusive head trauma is "junk science" and the prosecution's physician witnesses were not competent to reject her assertions of accidental injury, which would eliminate the element of causing the victim's injuries. (Petition, Doc. 1 at 24-25.)

Although acknowledging a lack of authority, Respondents argue that this claim is not cognizable. Respondents further argue that Petitioner does not meet the applicable standard of affirmatively showing actual innocence. (Answer, Doc. 15 at 9-10.)[7]

Petitioner does not reply in support of this claim. (Reply, Doc. 18.)

It remains unresolved whether a freestanding or substantive claim of actual innocence on newly discovery evidence is sufficient to justify relief under 28 U.S.C. § 2254. In *Herrera v. Collins*, 506 U.S. 390 (1993), a majority of the Supreme Court assumed, without deciding, that execution of an innocent person would violate the Constitution. 506 U.S. at 417. *See also House v. Bell*, 547 U.S. 518, 554 (2006) (again

---

[7] The undersigned observes that this claim is arguably unexhausted, and perhaps procedurally defaulted. The only related claim presented by Petitioner to the state courts was that asserted under Arizona's rules for post-conviction relief proceedings which applies a standard akin to that applicable to claims of *procedural* actual innocence. (*See* Exh. P, PCR Pet. at 21-22; Exh. Z, Pet. Rev. at 2, 21.) *See* Ariz. R. Crim. Proc. 32.1(h) ("clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt"). This does not appear to be fair presentation of a federal, constitutional, substantive due process claim of actual innocence, which requires a heightened showing of actual innocence. Although Respondents fail to raise this defense, they have not affirmatively waived it. *See* 28 U.S.C. § 2254(b)(3) (express waiver required). Even so, because this claim is plainly without merit, the undersigned declines to raise the exhaustion/procedural default issues *sua sponte*. *See Boyd v. Thompson*, 147 F.3d 1124 (9th Cir. 1998) (court may raise procedural default *sua sponte* but must provide parties opportunity to respond).

declining to decide).  Still, the *Herrera* court observed that a related principle of denying relief solely on the basis of newly discovered evidence "is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact." *Id*. at 400.

The Ninth Circuit has similarly explicitly denied any decision on the viability of a freestanding claim of actual innocence.  "We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable." *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014).

Assuming such a claim is cognizable, "to be entitled to relief, a habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997).  "Evidence that merely undercuts trial testimony or casts doubt on the petitioner's guilt, but does not affirmatively prove innocence, is insufficient to merit relief on a freestanding claim of actual innocence." *Jones*, 763 F.3d at 1251.

The undersigned assumes arguendo that such a claim exists, and applies the standard espoused in *Carriger* and *Jones*.

Petitioner fails to meet that standard for the reasons discussed hereinabove in connection with her claim of procedural actual innocence.  Indeed, Petitioner fails to establish a *procedural* actual innocence claim which merely requires a probability that no reasonable juror would have convicted in the light of the new evidence. *Schlup*, 513 U.S. at 327.  In contrast, a freestanding claim of *substantive* actual innocence claim requires *affirmative* proof of innocence.  Petitioner's expert's opinion that the medical evidence was insufficient to prove non-accidental injury (and thus guilt) is not sufficient to affirmatively establish a probability of her actual innocence. *See House v. Bell*, 547 U.S. 518, 554 (2006) (finding showing of *procedural* actual innocence based on "considerable doubt on his guilt" was not sufficient to meet the "extraordinarily high" standard for freestanding innocence claim).   This claim must be denied.

## IV. CERTIFICATE OF APPEALABILITY

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, and jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong. Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED:**

(A) Grounds 1 through 7 of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED WITH PREJUDICE**.

(B) The remainder of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

(C) To the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

/ /

/ /

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: July 11, 2022

21-1865r RR 22 07 01 on HC.docx

James F. Metcalf
United States Magistrate Judge

- 16 -